AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                                      **ORDER OF DETENTION PENDING TRIAL**

    LEROY FONDREN, JR.                            Case Number: 06-M-8087-01-DJW
         *Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
   ☐ an offense for which the maximum sentence is life imprisonment or death.
   ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

   ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
   ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
   ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: August 16, 2006                        s/ David J. Waxse
                                                             *Signature of Judicial Officer*

                                                             DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                                             *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Leroy Fondren, Jr.
Criminal Action 06-M-8087-01-DJW

## Part II - Written Statement of Reasons for Detention

The law requires that I look at a series of factors to determine whether you should be detained or whether there are conditions of release that will assure your appearance and the safety of any other person in the community.

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence. The current charge is not a crime of violence; however, the charges allegedly being presented to the Grand Jury, and indicated on the Pretrial Services Report as potential charges, do include matters that would be crimes of violence or involve a maximum term of imprisonment of ten years or more.

The next factor is the weight of the evidence against the person. There is currently only the probable cause determination from the Complaint and no Grand Jury determination.

The next factor is your physical and mental condition, which are neutral in terms of whether or not you should be detained. You have problems, but you are going to have those whether you are detained or released.

Your family ties are positive as indicated by the Pretrial Services Report.

The next factor is employment. Apparently there was employment before the accident but now you cannot be employed, so that is a neutral.

The next factor is your financial resources. There is no indication that you have sufficient resources that would enable you to flee.

Length of residence in the community and community ties are positive.

The next factor is your past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. The number of contacts with law enforcement and the government's allegation of the Indictment you're facing on five

2

incidents are very negative factors in terms of release.

The final factor is the nature and seriousness of the danger to any person in the community that would be posed by your release. Crack cocaine and guns are dangerous activities.

Considering all of these factors together, I am going to find that you need to remain detained pending further hearing in this matter.